# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
# CASE NO.

WILLIAM LANGAN,

      Plaintiff,

v.

BEACH BARS USA, LLC.,
AITON YAARI, and LIOR AVIDOR

      Defendants.

_____/

## COMPLAINT

Plaintiff, William Langan, by and through his undersigned attorney, files this Complaint against Defendants, Beach Bars USA, LLC, Aiton Yaari, and Lior Avidor, stating as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, Beach Bars USA, LLC, operates several restaurants/bars near the beach in Fort Lauderdale, including Café Ibiza, Spazio, Tsukuro, Blondies Sports Bar, and Rock Bar.  By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Corporate Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Upon information and belief, Defendant exceeds the $500,000 annual gross revenue threshold needed to be covered under the FLSA.

6. Defendant, Aiton Yaari, is a manager and owner of Corporate Defendant. He interacted with Plaintiff regularly including being responsible for his wages and hours.

7. Defendant, Lior Avidor, is a manager and owner of Corporate Defendant. He interacted with Plaintiff regularly including being responsible for his wages and hours.

8. Plaintiff was an employee of Defendants. He was employed as a handyman for all of Defendants' properties. In this capacity, Plaintiff was tasked with fixing, creating, installing, and maintaining all of Defendants' machines, displays, and fixtures.

9. At all times material, Plaintiff was and is a resident of Broward County, FL.

10. This Court has jurisdiction over Defendants because they engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

11. Venue is proper due to the unlawful employment practices alleged occurring in Broward County.

**FACTS**

12. Plaintiff was employed with Defendants for over 15 years. His duties have always been to perform odd jobs and maintenance for all of Defendants' restaurants and bars.

13. Plaintiff was also an "on-call" employee for Defendants. If any emergency situation occurred or other after hours needs, Plaintiff was expected to immediately head to the property and address the issue.

14. Plaintiff was paid $21 per hour for his work. This translates to an overtime rate of $31.50 per hour.

15. Plaintiff was only paid for his time on the property, not for his time either traveling to the property for emergency or after hours work or for the time engaged to wait for emergency work.

16. Plaintiff is in possession of many of his recorded hours[1]. Based on these records, he estimates that he is owed 289.2 hours of overtime[2] and then an additional amount for his on call time.

17. Plaintiff was often made to work in excess of 40 hours per week. Each of his hours worked in excess of 40 hours requires overtime premium pay.

18. Plaintiff was not given appropriate additional compensation for his extra hours of work, nor for his on-call time.

19. For approximately 289.2 hours of overtime work, this results in an underpayment of $3,036.60

20. Additionally, on-call time could be legitimately considered all hours in which he was not on premises.

21. However, in order to more reasonably estimate those hours, he is requesting only 20 hours per week as a under-payment for this time. This would represent all non-sleeping time Plaintiff could be available.

22. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and are liable for monetary damages.

23. In determining payment policies, specifically not paying overtime or on-call pay for Plaintiff, Defendants did not consult an attorney.

24. In determining payment policies, specifically not paying overtime or on-call pay for

---

[1] Approximately 65 weeks of 116 applicable weeks worked
[2] Plaintiff estimates 162.05 overtime hours over the 65 week period. Extrapolated over 116 weeks, this comes to 289.2 hours

Plaintiff, Defendants did not consult an accountant.

25. In failing to confer with a professional such as an attorney or an accountant, Defendants have shown that they have willfully disregarded the FLSA.  Plaintiff is thus entitled to a 3 year statute of limitations.

26. As Plaintiff was an hourly employee, there can be no grounds that Defendants acted in good faith by failing to pay overtime.  Therefore, Plaintiff should be entitled to liquidated damages.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

27. Plaintiff repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA.

29. During his employment, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all of those hours worked.

30. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

31. Defendants failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

32. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

33. By failing to record, report, and/or preserve records of hours worked by Plaintiff,

Defendants have failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

34. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

36. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Due to Defendants' willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiff is entitled to liquidated damages and a 3 year statute of limitations.

38. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

39. It is estimated that Plaintiff is owed $3,036.60 for his overtime hours worked, plus an additional $3,036.60 in liquidated damages.  This is determined by reviewing his records for hours worked, 289.2, and multiplying by his halftime rate, $10.50.

### COUNT II
### VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

40. Plaintiff repeats and realleges Paragraphs 1 through 39 as if fully set forth herein.

41. In addition to the owed overtime described in Count I, Plaintiff is owed overtime for his on-call time.

42. Plaintiff was made to attend to all emergency and after hours situations at Defendants' properties.  This caused Plaintiff to be ready and willing to work at all times he was off duty as well as travel to work.  Plaintiff was only paid for his time actually on the

property.

43. Though Plaintiff can reasonably argue he should be compensated for all hours not on Defendants' property, Plaintiff will estimate his on-call hours to be 20 hours per week.

44. Since many of Plaintiff's workweeks resulted in more than 40 hours of work per week, Plaintiff's on call time should be considered overtime.

45. Since Plaintiff was not paid at all for his on-call time, his full overtime rate of $31.50 should be used to calculate his damages.

46. At an estimated 20 hours per week over 116 weeks at a rate of $31.50 per hour, Plaintiff is owed $73,080.00 for his on call time.

47. Due to Defendants failing to inquire as to the legality of Plaintiff's on-call time, Defendants actions (or inactions) can be considered a willful violation of the FLSA and thus a 3 year statute of limitations should apply.

48. Defendants acted without good faith in expecting Plaintiff to be ready to work while not working and not compensating him for this time.

49. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

50. It is estimated that Plaintiff is owed $73,080.00 for his on-call overtime hours worked. This is determined by estimating his reasonably expected and aware on-call hours, 20 per week, and multiplying by his overtime rate, $31.50.

WHEREFORE, Plaintiff, William Langan, respectfully requests that judgment be entered in his

favor against Defendants as follows:

    A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

    B. Awarding Plaintiff overtime compensation;

    C. Awarding Plaintiff liquidated damages;

    D. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

    E. Awarding Plaintiff post-judgment interest; and

    F. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 4/16/2020.

                                              Respectfully submitted,

                                              __/s/ R. Edward Rosenberg__
                                              R. Edward Rosenberg, Esquire
                                              Fla. Bar No.: 88231
                                              Sorondo Rosenberg Legal PA
                                              1825 Ponce de Leon Blvd. #329
                                              Coral Gables, FL 33134
                                              E: rer@sorondorosenberg.com
                                              T: 786.708.7550
                                              F: 786.204.0844

                                              Attorney for Plaintiff